## John I. Warman and Charles H. Schub v. The First National Bank of Akron.

1. PLEAS—*Verification of, on Information and Belief.*—An affidavit by an agent of a defendant that he has read a plea and "verily believes the same to be true," is not a sufficient verification of such plea under Sec. 34, Chap. 110, R. S.

2. PLEADING — *Failure of Consideration of a Note Held by an Assignee.*—The defense of a want or failure of consideration for a note, can be made against an assignee only by pleading specially and showing why it is subject in the hands of an assignee to the defense.

3. SAME—*Material Facts Not Denied—Proof Unnecessary.*—In a suit

on promissory notes the pleas set up a failure of consideration and that the plaintiff, an assignee, took the notes, either with notice thereof, or after maturity. *Held*, that the pleas did not deny that the assignment was for value, and that it was not necessary to prove that fact.

**Assumpsit**, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 24, 1897.

Beach & Beach, attorneys for appellants.

Paden & Gridley, attorneys for appellee.

Mr Justice Gary delivered the opinion of the Court.

The first point made by the appellants is that the general issue in assumpsit, to which an agent of the defendants appended an affidavit that he had read it and " verily believes the same to be true," was sufficient to put the plaintiff on proof of the execution of the notes sued upon.

We waive the inquiry whether to have that effect the affidavit must be by the party himself, though it is not easy to see who else could know that he did not sign, or direct the signing of the paper.

When a plaintiff denies an instrument set up in defense, it is his affidavit that is required, and there is no reason for a difference between the parties.

But such an affidavit as was here appended does not verify the plea.

What that agent believed upon any subject was of no consequence in this suit. The denial of the execution is by the plea; the affidavit is to verify the plea; and the proviso of Sec. 34, Ch. 110, R. S., Practice relates (so far as concerns pleas) to cases in which the party whose plea denies is not the party alleged to have executed the instrument. He can not save his conscience, nor screen his person from the consequences of perjury by procuring some convenient friend to believe his statemeut that he did not execute, preparatory to an affidavit by that friend that he so verily believes.

By various pleas the appellants set up a failure of consideration of the notes, and that the appellee took the notes, either with notice thereof or after maturity.

The evidence by the appellants showed that the bank discounted the notes, and put the proceeds to the credit of the payees, before the maturity of the notes, and was silent as to notice.

A point—which does not appear to have been thought of below—is now made that such discount and crediting of the proceeds does not show that the appellee is a holder for value.

The pleas presented no issue of that kind.

The defense—if one there was in fact—of a want of consideration for the notes, could be made against an assignee only by pleading specially : showing why it was subject, in the hands of an assignee, to the defense.

That showing might be that the assignee took with notice, or after maturity, or without paying value; but under pleas of one reason, proof of another would not be admissible. Had such an issue been made, it is not an improbable conjecture that the bank would have shown that the payee checked out the proceeds, that being the usual purpose for which a holder of commercial paper submits to a discount from the face of it.

The judgment is affirmed.